**NOT FOR PUBLICATION**



FILED

FEB 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA , | No. 10-30293 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00026-JLQ-1 |
| v. | |
| RANDALL D. McREYNOLDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted January 12, 2012
Seattle, Washington

Before:    O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY,
District Judge[**]

Randall McReynolds appeals his sentence of 92 months imprisonment. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we restate them here only as necessary to explain our decision.

## I.

McReynolds first argues that the district court erred by refusing to reduce his offense level by three points for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court denied the downward adjustment after finding that McReynolds had lied about his conduct, not his motive. *See United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006); *United States v. Vance*, 62 F.3d 1152, 1159–60 (9th Cir. 1995); *United States v. Khang*, 36 F.3d 77, 80 (9th Cir. 1994). There is ample evidence supporting that finding, and the court did not commit clear error in reaching it. Given this finding, the court did not abuse its discretion by not applying the downward adjustment. *See Cantrell*, 433 F.3d at 1279.

## II.

McReynolds next argues that the district court committed a procedural error by departing upward from a criminal history category of III to a category of IV, due to the under-representation of McReynolds' criminal history.

2

Section 4A1.3(a)(1) of the Sentencing Guidelines allows a sentencing court to adjust upwardly the defendant's criminal history category if the category "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). After *United States v. Booker*, 543 U.S. 220 (2005), "[T]he scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006).

The district court did not abuse its discretion by adjusting upwardly McReynolds' criminal history category. *See Cantrell*, 433 F.3d at 1279. The upward adjustment and 92-month sentence were reasonable in light of McReynolds' extensive criminal history. *See Mohamed*, 459 F.3d at 986.

III.

McReynolds also argues the district court committed a procedural error by adjusting upwardly his criminal history category before considering the sentencing factors at 18 U.S.C. § 3553(a). McReynolds' argument fails. The district court made the correct pre-departure calculation before departing upward. And the district court gave McReynolds abundant opportunities to argue the applicability of both U.S.S.G. § 4A1.3(a) and 18 U.S.C. § 3553(a) before it applied them. *See*

3

*United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc). McReynolds cites no authority that requires a district court to allow the parties to argue the § 3553(a) factors before applying a departure under U.S.S.G. § 4A1.3(a).

IV.

Next, McReynolds argues the district court did not adequately explain the reasons for its sentence. The record defies that argument. The district court thoroughly explained its decision, including its finding that McReynolds was untruthful about his offense and relevant conduct and its finding that McReynolds' criminal history was under-represented. In short, the district court "communicate[d] that the parties' arguments [had] been heard, and that a reasoned decision [had] been made." *Carty*, 520 F.3d at 992.

V.

Last, McReynolds argues that his 92-month sentence was substantively unreasonable. His sentence is reasonable, though. The district court considered the record as a whole, and the 92-month sentence—a within-Guidelines sentence—is reasonable in light of McReynolds' age, his offense, his criminal history, and his medical condition.

**AFFIRMED.**